IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-cr-30104-MJR |
| | ) | |
| SAMUEL E. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION TO REDUCE SENTENCE

REAGAN, District Judge:

An August 2007 indictment charged Samuel E. Brown with the crime of felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Brown pled guilty to the charge in February 2008. Four months later, the undersigned Judge sentenced Brown to 96 months in prison (within the guidelines range of 84-105 months), with credit for time served. Brown did not appeal.

Now before this Court is Brown's pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Brown claims that a reduction is warranted via the retroactive application of Amendment 599 to the United States Sentencing Guidelines ("U.S.S.G"), which became effective November 1, 2000. Failing to permit the reduction, Brown contends, results in double punishment. For the reasons described below, the Court must deny the requested reduction.

-1-

Clearly, a district court may reduce a defendant's sentence based upon a retroactive application of the sentencing guidelines. Section 3582(c)(2) allows a court to reduce a sentence where "a defendant … has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In reducing a sentence, the court must consider the factors set forth in 18 U.S.C. § 3553(a) and ensure that the reduction is consistent with applicable policy statements issued by the sentencing commission. 18 U.S.C. § 3582(c)(2).

A defendant seeking a sentencing reduction under § 3582(c)(2) must satisfy two criteria to prevail.  <u>First</u>, the sentencing commission must have lowered the applicable guideline sentencing range.  <u>Second</u>, the reduction must be consistent with the applicable policy statements issued by the sentencing commission.  If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the requested reduction.  *United States v. Lawrence*, **535 F.3d 631, 637-38 (7th Cir. 2008)(District courts lack subject-matter jurisdiction to revisit sentences already imposed on defendants unless the reduction falls within three narrow exceptions, including a sentence based on a range that was subsequently lowered by the Sentencing Commission.).**

In the instant case, Defendant Brown cannot satisfy the first criterion, because the Sentencing Commission has *not* lowered the applicable guideline sentencing range used to sentence him.

Amendment 599 applies to U.S.S.G § 2K2.4, which played no role in Brown's sentence. Amendment 599 relates to convictions under 18 U.S.C. § 924(c)(1). It has no relevance to Brown's conviction under 18 U.S.C. § 922(g)(1).[1] *See United States v. Hughes*, – F.3d –, 2010 WL 2775862, * 2 (7th Cir. July 13, 2010), *citing United States v. Howard*, 352 F.3d 332, 337-38 (7th Cir. 2003). Brown was sentenced under § 922(g)(1) using U.S.S.G. § 2K2.1(a)(4)(A), which has no retroactive amendment permitting the undersigned Judge to revisit and reduce Brown's sentence. Consequently, the Court lacks jurisdiction to consider the reduction requested. *See Lawrence*, 535 F.3d at 637-38.

Put simply, Brown seeks a reduction under Amendment 599, which does not apply to his sentence. Amendment 599 changed U.S.S.G. § 2K2.4 which governs § 924(c)(1) convictions. Brown was convicted under § 922(g) and sentenced under U.S.S.G. § 2K2.1. The guideline used to compute Brown's sentence – §2K 2.1 – has not been lowered.

Since Brown was not sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o)," no ground exists on which this Court can reduce Brown's sentence.

---

[1] Section 924(c)(1) provides for enhanced penalties when a firearm is used in furtherance of a drug trafficking crime or crime of violence, whereas § 922(g)(1) makes it a crime for a felon to knowingly possess a firearm which previously was transported in interstate commerce.

Accordingly, the Court **DENIES** for lack of subject matter-jurisdiction Brown's motion to reduce sentence (Doc. 56).

IT IS SO ORDERED.

DATED September 15, 2010.

<u>s/ *Michael J. Reagan*</u>
Michael J. Reagan
United States District Court